UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **MICHAEL KINLIN,** ) | **Case No. 1:12 CV 581** |
| ) | |
| **Plaintiff,** ) | |
| ) | **Judge Dan Aaron Polster** |
| vs. ) | |
| ) | |
| **TROOPER SHAWN KLINE, et al.,** ) | **MEMORANDUM OF OPINION** |
| ) | **AND ORDER** |
| **Defendants.** ) | |

This is a civil action arising from a traffic stop that occurred on Lake Avenue in the City of Elyria, located in Lorain County, Ohio. Presently before the Court is "Defendant Kline's Motion to Dismiss State Law Claims; Defendant Born's Motion to Dismiss 42 U.S.C. § 1983 Claims; and Defendant Ohio State Highway Patrol's Motion to Dismiss All Claims" ("Motion" or "Motion to Dismiss"). (**Doc #: 4.**) The Court has reviewed the Motion, the opposition brief (Doc #: 5), and the reply (Doc #: 8), and is prepared to issue its ruling.

## I. BACKGROUND

Plaintiff Michael Kinlin alleges the following facts, which are taken as true for purposes of a motion to dismiss. *See Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007).

On or about March 11, 2011, Plaintiff was operating his motor vehicle on a stretch of Lake Avenue in the City of Elyria, Ohio. (Doc #: 1 ("Comp.") ¶ 8.) Defendant State Trooper Shawn Kline conducted a traffic stop of Plaintiff's vehicle. (Id. ¶ 9.) According to Plaintiff, the stop, which lacked probable cause of an observable traffic infraction, was documented by a video camera in Trooper Kline's cruiser. (Id. ¶ 10.)

Trooper Kline told Plaintiff to exit his vehicle and move to the rear of his car. (Id. ¶ 11.) Trooper Kline then attempted to administer the Horizontal Gaze Nystagamus Test, which Plaintiff refused. (Id. ¶ 13.) Plaintiff told Trooper Kline that "he only had two beers and would not do the test because he was not under the influence of alcohol." (Id. ¶ 14.) Upon his refusal, Trooper Kline grabbed his arm, placed him in handcuffs, and arrested him for operating a vehicle while intoxicated ("OVI"). (Comp. ¶ 15.) According to Plaintiff, the arrest lacked probable cause because it was facilitated without any indicia of impaired driving (e.g. erratic driving, bloodshot eyes, slurred speech, and lack of coordination). (Id. ¶¶ 15, 17, 23.) Several minutes after being arrested, Plaintiff informed Trooper Kline that he had a firearm located in the backseat of his car in an electronic lock box. (Id. ¶ 19.) The firearm was subsequently seized, along with Plaintiff's license to carry a concealed weapon. (Id. ¶ 19.)

Trooper Kline then placed Plaintiff in the back of his cruiser, and read him the Miranda Warnings and the information on a BMV 2255 form.[1] (Comp. ¶ 20.) While sitting in the back of the cruiser, Plaintiff insisted that he was not intoxicated, but volunteered to take the field sobriety test "in order to resolve the matter without being arrested." (Id. ¶ 21.) Trooper Kline refused, stating that he had to take it "to the next step." (Id. ¶ 22.) Trooper Kline then had Plaintiff's car towed and impounded, rather than having Plaintiff park his car legally on the street a few feet from where it was stopped. (Id. ¶ 24.)

---

[1] The Bureau of Motor Vehicles ("BMV") Form 2255 is a form that, if read verbatim by the arresting officer, is sufficient to satisfy the statutory requirement that a person suspected of O.V.I. be advised of the consequences of taking or not taking a chemical test used for determining the alcohol content of blood.

Once transported to the Elyria Ohio Highway Patrol Post No. 47, a breathalyzer test indicated that Plaintiff's blood alcohol was .012, well below the legal limit of .08. (Comp. ¶ 25.) Trooper Kline gave Plaintiff a citation for improper handling of a firearm in a motor vehicle in violation of O.R.C. § 2923.16, and then released him. (Id. ¶ 26.) Several months later, the charge was dismissed. (Id. ¶ 27.)

Plaintiff subsequently brought this lawsuit against Trooper Kline and Colonel John Born of the Ohio State Highway Patrol ("Highway Patrol") in their individual capacities, and against the Highway Patrol. The First Cause of Action alleges a 42 U.S.C. § 1983 claim against Trooper Kline for conducting an unlawful seizure in violation of the Fourth Amendment. (Comp. ¶¶ 32-35.) The Second Cause of Action asserts a § 1983 claim against the Highway Patrol and Colonel Born alleging that the failure to train and supervise Trooper Kline caused the underlying Fourth Amendment violation. (Id. ¶¶ 36-38.) The Third Cause of Action alleges a § 1983 malicious prosecution claim against Trooper Kline. (Id. ¶¶ 39-44.) The Fourth Cause of Action asserts a state malicious prosecution claim against Trooper Kline. (Id. ¶¶ 45-51.) The Fifth Cause of Action alleges a state wrongful imprisonment claim against Trooper Kline. (Id. ¶¶ 52-55.)

On June 11, 2012, Defendants filed a joint motion seeking to dismiss: (1) all claims against the Highway Patrol, (2) the First and Second Causes of Action against Colonel Born; (3) the Third Cause of Action against Trooper Kline; and (4) the state-law claims against Trooper Kline. (Doc. #4).

On July 11, 2012, Plaintiff filed an opposition brief. (Doc #: 5.) Therein, plaintiff concedes that the Eleventh Amendment precludes him from suing the Highway Patrol in federal court. (Doc #: 5, at 1.) Thus, the Court **GRANTS** the Motion to Dismiss the claims against the

Highway Patrol. Plaintiff also concedes, for reasons explained *infra*, at 10-11, that the Court does not have pendent jurisdiction over the state-law claims at this time. (Id.) Thus, the Court **GRANTS** the Motion to Dismiss the Fourth and Fifth Causes of Action. Notably, Defendants have not moved to dismiss the Fourth Amendment claim asserted against Trooper Kline in the First Cause of Action, which claim remains pending.

Based on the foregoing, the Court need only determine whether to dismiss the First and Second Causes of Action against Colonel Born, and the Third Cause of Action against Trooper Kline.

## II. STANDARD OF REVIEW

A Rule 12(b)(6) motion to dismiss tests the sufficiency of a complaint. "The first step in testing the sufficiency of the complaint is to identify any conclusory allegations." *Doe v. Simpson*, No. C-1-08-255, 2009 WL 2591682, at *1 (S.D. Ohio Aug. 19, 2009) (citing *Ashcroft v. Iqbal*, – U.S. –, 129 S.Ct. 1937, 1950, 173 L.Ed.2d 868 (2009)). 550 U.S. 544, 555 (2009)). "Threadbare recital of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 120 S.Ct. at 1949 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Although the court must accept well-pleaded factual allegations of the complaint as true for purposes of a motion to dismiss, the court is 'not bound to accept as true a legal conclusion couched as a factual allegation.' " *Simpson*, 2009 WL 2591682, at *1 (quoting *Twombly*, 550 U.S. at 555).

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Iqbal*, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 550). "A claim has facial plausibility when the plaintiff pleads

factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. More is required than "unadorned, the-defendant-unlawfully-harmed me accusations." *Id*.

### III. ANALYSIS

**A. First Cause of Action against Colonel Born**

Defendants ask the Court to dismiss the First Cause of Action against Colonel Born. In the First Cause of Action, Plaintiff alleges:

> 33. Tpr. Kline's arrest of Plaintiff was illegal, unreasonable, without probable cause, and violated Plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution.
>
> 34. Trp. Kline's actions were taken under color of state law and were willful, wanton, malicious, and/or in reckless and deliberately indifferent disregard to Plaintiff's rights.
>
> 35. As a direct and proximate result of Defendants' conduct the plaintiff has suffered, and continues to suffer injury for which he is entitled to recover damages from Defendants' under 42 U.S.C. 1983.

(Comp. ¶¶ 33-35.) Other than a random reference to "Defendants' conduct" in paragraph 35, this count plainly alleges a Fourth Amendment claim against Trooper Kline alone.

The only possible way this language can be construed as a claim against Colonel Born would be based on the doctrine of *respondeat superior*. However, *respondeat superior* is not a proper basis for supervisor liability under § 1983." *King v. Zamiara*, 680 F.3d 686, 696 (6th Cir. 2012) (quoting *McQueen v. Beecher Cmty. Sch.*, 433 F.3d 460, 470 (6th Cir. 2006)). As the Sixth Circuit recently explained:

> Section 1983 liability . . . cannot be premised solely on a theory of *respondeat superior*, or the right to control employees. *Hays v. Jefferson Cnty.*, 668 F.2d 869, 872 (6th Cir. 1982). Supervisory officials are not liable in their individual capacities unless they "either encouraged the specific incident of misconduct or in

-5-

>some other way directly participated in it. At a minimum, a plaintiff must show
>that the official at least implicitly authorized, approved, or knowingly acquiesced
>in the unconstitutional conduct of the offending officers." *Id*. at 874.

*Heyerman v. County of Calhoun*, 680 F.3d 642, 647 (6th Cir. 2012).

In the opposition brief, Plaintiff encourages the Court to interpret the allegations in the section of the complaint entitled "Facts Common to All Causes of Action" to flesh out a claim against Colonel Born for Trooper Kline's alleged unconstitutional arrest. (See Comp. at ¶¶ 8-31.) However, none of the facts in that section mentions Colonel Born's name or attributes any specific actions to him. (Id.)

Accordingly, the Court **GRANTS** the Motion to Dismiss the First Cause of Action against Colonel Born. The Fourth Amendment claim against Trooper Kline remains pending.

**B.     Second Cause of Action against Colonel Born**

Defendants ask the Court to dismiss the Second Cause of Action against Colonel Born, who has been sued only in his individual capacity. This count provides:

>37.     Defendant . . . Col. Born did, with deliberate indifference to the rights of
>citizens including the Plaintiff, fail to train, continue to train and properly
>supervise its Highway Patrol Troopers, particularly Defendant Tpr. Kline
>and in fact encouraged/motivated/trained him to make arrests with
>deliberate indifference to the rights of citizens.
>
>38.     As a direct and proximate result of [Defendant Born's] failure to train and
>supervise Tpr. Kline, the Plaintiff's constitutional rights have been
>violated. . . .

(Comp. at 6.) The Court finds these allegations insufficient to state an individual-capacity claim against Colonel Born for Plaintiff's alleged unconstitutional arrest.

Supervisor liability under § 1983 must be premised upon active behavior, not upon a failure to act. *Mitchell v. City of Hamilton*, No. 1:11 CV 764, 2012 WL 701173, at *3 (S.D. Ohio

Mar. 1, 2012) (citing *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002)). A supervisor's failure to supervise, control or train the offending individual is not actionable unless the supervisor "either encouraged the specific incident of misconduct or in some other way directly participated in it." *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (quoting *Hays v. Jefferson Cty.*, 668 F.2d 869, 874 (6th Cir. 1982)). "At a minimum a plaintiff must show that the [supervisor] at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers." *Id*. (quoting *Hays*, 668 F.2d at 874).

Plaintiff does not allege that Colonel Born participated in, authorized or condoned his arrest. Rather, Plaintiff seeks to hold Colonel Born liable for establishing a policy of training and supervision that was deliberately indifferent, and invariably led, to the violation of Plaintiff's Fourth Amendment rights. The Sixth Circuit has explained, however, that general allegations that officers were not properly trained more appropriately support a failure-to-train theory against the government entity, than an individual-capacity claim against a supervisor. *Mitchell*, 2012 WL 701173, at *4 (quoting *Phillips v. Roane Cty., Tenn*., 534 F.3d 531, 543-44 (6th Cir. 2008). Here, the governmental entity (i.e., the Highway Patrol) has been dismissed.[2]

Perhaps mindful of the relevant case law and to avoid dismissal, Plaintiff alleges that Colonel Born not only failed to train Trooper Kline but "encouraged/motivated/trained him to make arrests with deliberate indifference to the rights of citizens." (Comp. ¶ 37.) However, the

---

[2]Even then, to establish deliberate indifference against a government entity, a plaintiff must set forth either (1) *prior instances of unconstitutional conduct* demonstrating that the government entity ignored a history of abuse, or (2) a violation of constitutional rights accompanied by a showing that the government entity failed to train its employees to handle *recurring situations* presenting an obvious potential for such a violation. *Id*., at *5 (citing *Mason v. City of Warren Police Dep't*, No. 1-cv-14182, 2011 WL 502841, at *12 (E.D. Mich. Oct. 21, 2011)) (emphasis added). The complaint does not allege prior instances of unconstitutional conduct or recurring situations presenting a potential for such a violation.

rote use of conclusory phrases such as "failure to train" and "encouraged to make unconstitutional arrests" is meaningless without any factual allegations to support them. *Mitchell*, 2012 WL 701173, at *5 (citation omitted). *See also Iqbal*, 120 S.Ct. at 1949 ("Threadbare recital of the elements of a cause of action, supported by mere conclusory statements," are insufficient to withstand a motion to dismiss). To adequately plead a § 1983 claim based on a failure to train that is sufficient to withstand a Rule 12(b)(6) motion after *Iqbal* and *Twombly*, the plaintiff must plead more facts than those that constitute the alleged underlying constitutional violation. *Mitchell*, 2012 WL 701173, at *5.

Because the allegations in the Second Cause of Action are conclusory and threadbare, Plaintiff points to the following section of the complaint entitled "Facts Common to All Allegations" to support a Fourth Amendment claim against Colonel Born:

> 28. According to the Patrol Operational Report issued by the Ohio State Highway Patrol, the patrol made 22,067 [Operating a Vehicle while Intoxicated] arrests for the year 2010. Of these, 1141 OVI arrests were made in Lorain County, Ohio.
>
> 29. In 2011, Ohio State Highway Patrol Post 47 for Lorain County was second in the state for the highest number of OVI arrests with 1,115 arrests.
>
> 30. The State Highway Patrol has stated, in its mission statement and as part of its core values, that Troopers are performance driven. This is further summarized in that "Troopers are driven to perform because success is measured in both quality and quantity."
>
> 31. Tpr. Kline arrested Plaintiff under circumstances which would indicate to the reasonable officer that no arrest should be made and as a result of the training, motivational pressure exerted by his superiors and the policy of the Ohio State Highway patrol to make large quantities of OVI arrests.

(Comp. at 5.) Assuming the truth of these allegations, the fact that Troopers have made more OVI arrests in Lorain County than most other Ohio counties does not support Plaintiff's § 1983

-8-

supervisor liability claim. Plaintiff does not assert that an unreasonable percentage of those arrests were illegitimate, that an unreasonably large number of those arrests were later dismissed, or that Lorain County is notorious for making unconstitutional traffic stops to ferret out drunk drivers. One might just as easily conclude that there are more persons driving while intoxicated in Lorain County than in other counties or that the Troopers in Lake County are performing their duties more diligently than the Troopers in other counties. In any event, none of this supports the proposition that Colonel Born is individually liable for Plaintiff's alleged unconstitutional arrest.

Thus, the Court **GRANTS** the Motion to Dismiss the Second Cause of Action.[3]

### C. Third Cause of Action against Trooper Kline

Plaintiff alleges that the filing of criminal charges against him for illegally carrying a concealed loaded weapon constitutes a federal malicious prosecution claim. In other words, Trooper Kline's citation of Plaintiff for improper handling of a firearm in a motor vehicle following the negative breathalyser test constitutes a malicious prosecution.

To succeed on a malicious prosecution claim under § 1983 a plaintiff must prove that: (1) a criminal prosecution was initiated against the plaintiff and the defendant made, influenced, or participated in the decision to prosecute; (2) there was a lack of probable cause for the criminal prosecution; (3) as a consequence of the legal proceeding, the plaintiff suffered a deprivation of liberty apart from the initial seizure; and (4) the criminal proceeding must have been resolved in the plaintiff's favor. *Sykes v. Anderson*, 625 F.3d 294, 308-09 (6th Cir. 2010).

---

[3]Shehee, 199 F.3d at 300; *Hays*, 668 F.2d at 874. *See also Phillips v. Roane Cty., Tenn.*, 534 F.3d 531, (6th Cir. 2008) (in order to avoid dismissal, the plaintiff must point to a specific action undertaken by the individual supervisor).

Defendants contend that Plaintiff has failed to state a malicious prosecution claim against Trooper Kline because Plaintiff never suffered a deprivation of liberty apart from the initial seizure. In response, Plaintiff argues that he was "initially seized when Trooper Kline stopped his car, ordered him out of his car, and directed him to the rear of his vehicle," and that he suffered a deprivation of liberty apart from that seizure when Trooper Kline "incarcerated him in his cruiser." (Doc #: 5 at 6.) Plaintiff cannot arbitrarily parse this seizure into two separate events in an effort to state a malicious prosecution claim.

A plain reading of the complaint shows that Plaintiff was stopped, arrested, and transported to the patrol station to conduct a breathalyzer test for OVI. That was the initial seizure. After Plaintiff passed the breathalyzer test, Trooper Kline gave him a citation for improper handling of a firearm in a motor vehicle, and released him. A malicious prosecution claim under § 1983 "is actually a Fourth Amendment claim to be free from pretrial detention without probable cause." *Ghaster v. City of Rocky River*, No. 1:09 CV 2080, 2010 WL 2802685, at *5 n.4 (N.D. Ohio May 12, 2010). Since there was no pretrial detention separate and apart from the initial seizure, Plaintiff has failed to state a federal malicious prosecution claim against Trooper Kline.

Accordingly, the Court **GRANTS** the Motion to Dismiss the federal malicious prosecution claim.

**D.     Fourth and Fifth Causes of Action**

The Fourth and Fifth Causes of Action are state-law claims against Trooper Kline for malicious prosecution and wrongful imprisonment. Defendants asks the Court to dismiss these claims without prejudice so that they may first be brought in the Ohio Court of Claims. Under

O.R.C. § 2743.02(F),

> A civil action against an officer or employee [of the state] that alleges that the officer's or employee's conduct was manifestly outside the scope of the officer's or employee's employment or official responsibilities, or that the officer or employee acted with malicious purpose, in bad faith, or in a wanton or reckless manner shall first be filed against the state in the court of claims, which has exclusive, original jurisdiction to determine, initially, whether the officer or employee is entitled to personal immunity under section 9.86 of the Revised Code and whether the courts of common pleas have jurisdiction over the civil action. The officer or employee may participate in the immunity determination proceeding before the court of claims to determine whether the officer or employee is entitled to personal immunity under section 9.86 of the Revised Code.

Id. Ohio federal courts have interpreted § 2743.02(F) to mean that, until the Ohio Court of Claims determines that the defendant is not immune from suit , there is no cause of action cognizable under Ohio law over which the federal district court can assert pendent jurisdiction. *Gravely v. Madden*, 964 F.Supp. 260 (S.D. Ohio 1995) (citing *Haynes v. Marshall*, 887 F.2d 700, 705 (6th Cir. 1989)). As Plaintiff concedes this point, the Court **GRANTS** the Motion to Dismiss these claims.

### III. CONCLUSION

Based on the foregoing, the Court **GRANTS** the Motion to Dismiss the state-law claims asserted in the Fourth and Fifth Causes of Action, and all claims against the Ohio State Highway Patrol – which claims are dismissed without prejudice. Also, for reasons articulated above, the Court **GRANTS** the First and Second Causes of Action against Colonel Born and the Third Cause of Action against Trooper Kline – which claims are dismissed with prejudice. The only

claim surviving the Motion to Dismiss is the Fourth Amendment claim against Trooper Kline asserted in the First Cause of Action.

**IT IS SO ORDERED.**

<u>*/s/ Dan A. Polster     August 30, 2012*</u>
**Dan Aaron Polster
United States District Judge**